UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mj-03669-Torres

UNITED STATES

v.

JOHN RANDALL LASSITER III,

_____/

FILED BY JBS D.C.
Oct 3, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
Will J. Rosenzweig
Assistant United States Attorney
Court ID No. A5502698
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9403
Email: will.rosenzweig@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br><br>John Randall Lassiter III,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 22-mj-03669-Torres |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of April 9, 2020 through May 15, 2020 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____ ID #1535
*Complainant's signature*

SA Alex Gorostola, TIGTA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone

Date: Oct. 3, 2022

_____
*Judge's signature*

City and state: Miami, Florida     Honorable Edwin G. Torres, U.S. Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alex Gorostola, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the U.S. Department of the Treasury, Treasury Inspector General for Tax Administration ("TIGTA"). I have been employed by TIGTA since 2010. I am currently assigned to the Southern Field Division, Miami, Florida office. Prior to working at TIGTA, I was employed as a Special Agent with the Internal Revenue Service ("IRS") from 2008 through 2010. In the course of my law enforcement duties, I have investigated matters involving a number of financial frauds, including COVID relief programs fraud.

2. As part of my current duties and responsibilities, I investigate criminal violations relating to white collar crime, including conspiracy, bank and wire fraud, money laundering, and many other illegal schemes, during which I have conducted physical surveillance, interviewed witnesses, reviewed and analyzed financial records, executed court-authorized search warrants, and used other investigative techniques to secure relevant information for use in criminal prosecutions.

3. This Affidavit is submitted in support of a criminal complaint charging JOHN RANDALL LASSITER III ("LASSITER") with wire fraud, in violation of Title 18, United States Code, Section 1343 (the "SUBJECT OFFENSE"). As described below, there is probable cause to believe that LASSITER committed the SUBJECT OFFENSE in connection with a fraud scheme targeting the Small Business Administration's ("SBA") Paycheck Protection Program ("PPP").

4. The information and statements contained in this affidavit are based upon my personal knowledge and investigation, as well as documents and information provided to me by other law enforcement personnel and witnesses. Since this affidavit is being submitted for the

limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

### *Overview of the Paycheck Protection Program*

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who suffered the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through PPP. In or around April 2020, up to $310 billion in additional PPP funding was authorized by Congress.

6. In order to obtain a PPP loan, a qualifying business must submit a PPP loan application signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation to the lending institution showing their payroll expenses; typically, businesses would supply documents showing the total amount of wages paid and payroll taxes reported to the IRS.

7. A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which

2

are 100% guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan. In the ordinary course of providing the loan guaranty, neither the SBA nor any other government agency checks IRS records to confirm that the applicant had paid the payroll taxes represented in the PPP applications.

8. PPP loan proceeds must be used by the business on certain permissible expenses- payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time after receiving the proceeds.

9. The SBA required applicants to submit a Form 2483 or Form 2484 to obtain a loan under the PPP. This form requires applicants to identify the average monthly payroll and number of employees. The form also requires a certification (a) that the applicant "was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes"; (b) that "current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant"; and (c) that "the funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under" the PPP.

### *LASSITER's Fraudulent PPP Application on Behalf of United Travel Plus*

10. On or about April 9, 2020, LASSITER submitted a materially false and fraudulent PPP loan application to Harvest Small Business Finance, LLC ("HSBF") on behalf of a Florida company called United Travel Plus ("UTP") seeking a loan of $69,500. HSBF is

a lender located in Laguna Hills, California. HSBF is an approved SBA lender and authorized participant.

11.     On the SBA Form 2483 filed that day, LASSITER listed himself as the manager and 100% owner of UTP. LASSITER also claimed that UTP employed five people and paid wages of over $300,000 to these employees in 2019. LASSITER listed his personal identifying information on the application, including a personal address corresponding to his driving records and a phone number associated with him.

12.     LASSITER listed UTP's corporate address as an address in Miami-Dade County, Florida. He also listed his own personal residence as an address in Broward County, Florida. Real estate and driving records confirm that LASSITER lived in Broward County at the time he submitted the UTP loan application.

13.     On the application, LASSITER signed and certified: (a) that the information in the application was "true and accurate in all material respects"; (b) that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including ... under 18 USC 1014 by imprisonment of not more than thirty years"; and (c) that he "acknowledge[d] that the lender will confirm the eligible loan amount using required documentation submitted."

14.     These statements were materially false and fraudulent. According to Florida state records, UTP is not an active Florida company, nor is it a registered fictitious name associated with an existing Florida company. Those records also indicate that there was no record that UTP had filed Florida state tax returns or paid Florida state taxes.

15. LASSITER also submitted several documents in support of the loan application, including bank statements and tax records. These documents contained false and fraudulent information.

16. LASSITER submitted four IRS Forms 941 for each quarter of 2019. An IRS Form 941 is an employer's quarterly federal tax return that employers are required to submit to the IRS to report quarterly payroll taxes (e.g., Medicare, social security, etc.) paid on behalf of employees. Several aspects of these forms show that they were fraudulently altered. First, each of these documents were dated April 14, 2020, even though 941s should have been filed quarterly throughout the 2019 tax year. Second, the documents contain strikingly similar wage and tax numbers to other PPP loan applications LASSITER filed on behalf of other companies around the same period, suggesting he simply used the same fraudulent numbers across multiple applications. Third, the IRS maintains a database of all filed IRS Form 941 and yet has no record of these forms for UTP submitted by LASSITER.

17. LASSITER also submitted a reference letter from the bank account he provided on the application as the corporate account where HSBF should transfer the loan funds. The letter indicated that the account belonged to UTP and was a corporate account. However, account statements obtained directly from that account confirm that the account belongs to LASSITER in a personal capacity. Indeed, the bank has confirmed that they do not hold corporate accounts.

18. HSBF approved the PPP loan for UTP on April 29, 2020 for $69,500, and the funds were transferred into LASSITER's Ally Bank account on May 15, 2020 via a wire transfer from the California-based bank to LASSITER's personal bank account in Florida. The bank is

headquartered in Utah. That same day, LASSITER made transfers from the account to several other personal accounts belonging to him totaling approximately $70,000.

19. On or about March 4, 2021, an undercover agent contacted LASSITER at the phone number listed on the UTP PPP application, posing as a representative of HSBF. During that call, LASSITER confirmed his personal identifying information, confirmed that he had submitted a second PPP application on behalf of UTP in 2021, and confirmed he knew the financial representations made on that application and that they were true and correct.

## CONCLUSION

20. Based on the facts set forth above, I respectfully submit that probable cause exists to charge LASSITER with wire fraud, in violation of Title 18, United States Code, Section 1343.

**FURTHER AFFIANT SAYETH NAUGHT.**

Respectfully submitted,

_____
Alex Gorostola, Special Agent
Treasury Inspector General for Tax Administration

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by: Telephone_____
(specify reliable electronic means).

Date: __Oct. 3, 2022__

_____
HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-mj-03669-Torres

## BOND RECOMMENDATION

DEFENDANT: John Randall Lassiter III

$500,000 10% Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Will J. Rosenzweig

Last Known Address: 2512 Whale Harbor Lane

Fort Lauderdale, FL 33312

What Facility:

Agent(s): Alex Gorostola
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
TIGTA